```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA

KARLA RAMIREZ CORONEL,            )
                                  )
            Plaintiff,            )
                                  )
                                  )  Case No. CIV-21-255-JFH-KEW
                                  )
COMMISSIONER OF THE SOCIAL        )
SECURITY ADMINISTRATION,          )
                                  )
            Defendant.            )
```

**REPORT AND RECOMMENDATION**

Plaintiff Karla Ramirez Coronel (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned Magistrate Judge that the Commissioner's decision be REVERSED and REMANDED.

**Claimant's Background**

The Claimant was twenty-six (26) years old at the time of the ALJ's decision. She has a high school education. She has worked in the past as a fast food worker, waitress, housekeeping cleaner, hotel clerk, and sandwich maker. The Claimant alleges that her inability to work began on March 1, 2015. She claims this inability

stems from schizophrenia, mental issues, short term memory issues, anxiety, and depression.

## Procedural History

On January 22, 2020, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act and for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. The Claimant's applications were initially denied and were denied on reconsideration. The Claimant filed a request for a hearing, which was held on February 17, 2021. The hearing was held telephonically before ALJ Ronald M. Rogers. On March 24, 2021, ALJ Rogers entered an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied such request on June 28, 2021. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

that the Claimant had the following severe impairments: schizophrenia spectrum and other psychotic disorders, anxiety and obsessive compulsive disorders, trauma and stressor related disorders, and substance addiction disorders. (Tr. 17). At step four, the ALJ determined that the Claimant had the following residual functional capacity ("RFC"):

> [T]he [C]laimant has the [RFC] to perform a full range of work at all exertional levels but with the following non-exertional limitations: She able to understand, remember, and carry out simple tasks with routine supervision. She is able to interact with supervisors and coworkers for incidental work purposes. She should have no interaction with the general public. She is able to pace, concentrate, and persist for an eight-hour workday or 40-hour work week.

(Tr. 20). The ALJ then concluded that this RFC would not allow the Claimant to return to her past relevant work. (Tr. 25). The ALJ then proceeded to step five and found that considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform. (Tr. 25). Thus, the ALJ found that

---

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the Claimant had not been under a disability from October 1, 2019, through the date of the decision. (Tr. 26).

## Errors Alleged for Review

The Claimant only asserts one error on appeal. The Claimant contends that the ALJ failed to properly evaluate the medical source opinion of Dr. Theresa Farrow, M.D. The Claimant believes that due to this error, the decision of the ALJ must be reversed and remanded.

## Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d

4

1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**Medical Opinion Analysis**

The Claimant believes that the ALJ failed to properly assess the medical opinion of Dr. Theresa Farrow, M.D. The Claimant also takes issue with the ALJ's criticism of Dr. Farrow's failure to discuss the Claimant's substance abuse issues. The Commissioner maintains that the ALJ properly evaluated Dr. Farrow's opinion and that the ALJ did not err when he addressed Dr. Farrow's failure to discuss the Claimant's substance abuse issues. For the reasons discussed below, the Court agrees with the Claimant that the ALJ

did not properly evaluate Dr. Farrow's medical source opinion.

The Claimant applied for benefits on or after March 27, 2017, meaning that the medical opinion evidence is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under these new standards the ALJ does not "defer or give specific evidentiary weight. . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520(c)(a). An ALJ considers medical opinions utilizing five factors: (1) supportability, (2) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ must utilize these factors when determining how persuasive he finds the medical opinions and prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

Generally, when examining medical opinions, the ALJ must only specifically explain how he considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b).

However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

The ALJ provided a detailed summarization of Dr. Farrow's source opinion. (Tr. 24-25). The ALJ noted that Dr. Farrow opined that due to the Claimant's impairments and symptoms, she would miss three or more days of work a month. (Tr. 24). Dr. Farrow also indicated that the Claimant had seriously limited/marked or extreme limitations in many areas that impacted her abilities to

work full time. (Tr. 24). This included the Claimant's ability to interact with other coworkers and the general public; to remember, understand, or apply information; and the ability to concentrate, persist, or maintain pace. (Tr. 24).

While the ALJ did acknowledge that Dr. Farrow was the Claimant's treating physician, he ultimately found her opinion to be "somewhat persuasive." (Tr. 24). The ALJ provided the following explanation for doing so:

> Dr. Farrow failed to address the effect of substance abuse with regard to the claimant's symptoms and ability to perform work-related duties. Additionally, although the claimant had a history of two voluntary inpatient psychiatric admissions in 2016 and 2018, there is no evidence of inpatient treatment shortly before, during, or after the amended alleged onset date on October 1, 2019. There is no medical evidence between August 27, 2018, and a lab screen negative for substance abuse on November 13, 2019 (Exhibit 2F/4), a period of more than one year that includes the amended alleged onset date and six weeks afterward. Finally, the claimant reported that her symptoms had worsened in December 2020, but her mental status examination was essentially unchanged from the previous visit in August 2020, and Dr. Farrow continued her treatment plan (Exhibits 9F, 11F). At the hearing, the claimant testified she sees Dr. Farrow once every six months and attends the clinic for her shot for thirty minutes once a month.

(Tr. 24-25).

The Court agrees with the Claimant that the ALJ did not properly evaluate the opinion of Dr. Farrow. While the ALJ did state that he found Dr. Farrow's opinion "somewhat persuasive," he did not use any of her suggested limitations when formulating the RFC. (Tr. 24). Then the ALJ failed to address how the evidence he

relies on to reject these limitations impacts the supportability or consistency of Dr. Farrow's opinion. (Tr. 24). Further, the ALJ failed to point to any specific evidence that contradicts Dr. Farrow's findings. (Tr. 24). Instead, he generally points to Dr. Farrow's failure to discuss the Claimant's substance abuse, a time gap in the Claimant's treatment, and unchanged treatment plans as reasons for rejecting Dr. Farrow's limitations. (Tr. 24). This discussion is inadequate, as the ALJ must at least specifically address the supportability and consistency factors when analyzing medical opinions. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b). In this case, he fails to address how any of this evidence impacts the supportability or consistency of Dr. Farrow's opinion.

Also, as the Claimant points out, the ALJ fails to address evidence that does support Dr. Farrow's findings. He also fails to explain why this evidence is not relevant. The ALJ cannot only address the evidence that is favorable to his decision while failing to address evidence that contradicts it. *Hardman*, 362 F.3d at 681. This is what the ALJ has done here. He failed to address how Dr. Farrow's findings from the Claimant's previous medical appointments did not support her opinion. (*See e.g.,* Tr. 458-59; 595-97). Also, as further discussed above, he failed to point to specific evidence as an explanation for why Dr. Farrow's opinion should be rejected.

The Claimant also takes issue with the ALJ's discussion of

Dr. Farrow's failure to discuss the Claimant's substance abuse issues. Since the Court is reversing because of the failure to properly assess Dr. Farrow's medical opinion, it declines to address the substance abuse issue. But it would urge that if the ALJ does feel that that substance abuse is material here, he should fully analyze this issue and develop the record as needed on remand.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief, which shall not exceed ten (10) pages. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 2nd Day of March, 2023.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE